UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TODD R. SCACHITTI,

      Plaintiff,

-vs-                                                         Case No. 6:07-cv-1003-Orl-19DAB

DMC REAL ESTATE DEVELOPMENT, INC.,
d/b/a Cook Development,
3343 ATLANTIC AVENUE, LLC,
2515 ATLANTIC AVENUE, LLC,
PALMA BELLA LLC,
DOUGLAS M. COOK,
SANDRA COOK,

      Defendants.
_____

# ORDER

This case comes before the Court on the following:

1. Deposition of Douglas Michael Cook Referenced in Statement of Undisputed Facts by Plaintiff Todd R. Scachitti (Doc. No. 30, filed July 10, 2008);

2. Deposition of Todd R. Scachitti Referenced in Statement of Undisputed Facts by Plaintiff (Doc. No. 31, filed July 10, 2008);

3. Statement of Undisputed Facts in Support of Dispositive Motion for Summary Judgment by Plaintiff (Doc. No. 32, filed July 10, 2008);

4. Motion for Partial Summary Judgment and Incorporated Memorandum of Law by Plaintiff (Doc. No. 33, filed July 10, 2008);

5. Motion for Partial Summary Judgment and Supporting Memorandum of Law by All Defendants (Doc. No. 35, filed July 14, 2008);

6. Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment by Defendant DMC Real Estate Development, Inc., d/b/a Cook Development, Inc. (Doc. No. 37 filed Aug. 12, 2008);

7. Memorandum of Law in Opposition to Defendants' Motion for Partial Summary Judgment by Plaintiff (Doc. No. 38, filed Aug. 15, 2008); and

8. Motion to Strike Plaintiff's Reference to Unpled Claims in Plaintiff's Opposition to Motion for Summary Judgment by Defendants DMC Real Estate Development, Inc., d/b/a Cook Development, Inc., Douglas M. Cook, and Sandra Cook (Doc. No. 46, filed Nov. 7, 2008).

**Background**

**I.   Procedural History**

Plaintiff Todd R. Scachitti brought this action for overtime compensation, minimum wages, breach of oral agreements to pay commissions on condominium sales, and other relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-19 (2006), and Florida statutory and common law against Defendants DMC Real Estate Development, Inc., doing business as Cook Development, 3343 Atlantic Avenue, LLC, 2515 Atlantic Avenue, LLC, Palma Bella LLC, Douglas M. Cook, and Sandra Cook. (Doc. No. 1 at 1-2, filed June 13, 2007.) Plaintiff alleges that he was an employee or, in the alternative, a contractor for these Defendants and is owed money. (*Id.*) Specifically, Plaintiff's Complaint includes four counts: (1) recovery of overtime compensation against all Defendants, (2) recovery of minimum wages against all Defendants, (3) breach of oral agreement to pay Plaintiff commissions on sales of condominium units against Defendants Cook Development

and 3343 Atlantic Avenue, LLC, and (4) breach of oral agreement to pay Plaintiff commissions on sales of condominium units against Defendant Sandra Cook. (*Id.*)

In a jointly filed Answer, Defendants deny being employers of Plaintiff. (Doc. No. 12 at 3, ¶¶ 14-15, 19, filed July 11, 2007; *id.* at 6.) They further deny that there were any oral agreements as claimed by Plaintiff. (*Id.* at 4-5, ¶¶ 28, 38.) In sum, Defendants deny that "Plaintiff is entitled to any relief or that Plaintiff states a cause of action upon which relief can be granted against any Defendant." (*Id.* at 2, ¶ 8.)

Both Plaintiff and Defendants have moved for partial summary judgment. (Doc. Nos. 33, 35.) Plaintiff moves for summary judgment on Count III of the Complaint only, and Defendants jointly move for summary judgment on Counts III and IV. (Doc. Nos. 33, 35.) Both Motions are opposed. (Doc. Nos. 37, 38.)

**II.   Undisputed Facts**

Defendant Douglas M. Cook owns and is the sole officer of Defendant DMC Real Estate Development, Inc., doing business as Cook Development, which develops high-rise condominium properties. (Doc. No. 30 at 7.)[1] Mr. Cook's wife, Defendant Sandra Cook, is a licensed real estate sales associate in Florida. (*Id.* at 38, 63.) In October of 2004, Plaintiff met with Ms. Cook in person to discuss a working relationship involving the sales of condominiums on Cook Development properties. (Doc. No. 31 at 60-61.) Plaintiff was not a licensed real estate sales associate at the time and did not receive his license in Florida until June 13, 2005. (*Id.* at 145-46.)

---

[1]   When the Court cites to page numbers of exhibits that are deposition transcripts, the cited numbers are those found in the CM/ECF generated stamp in the heading of the PDF documents rather than those created by the reporter in the transcript itself.

After becoming licensed, Plaintiff signed an independent contractor agreement with Sea Quest Properties, Inc. (*Id.* at 145-47.)  In that same month, June of 2005, both Plaintiff and Ms. Cook informed the State of Florida that their registered broker was Sea Quest Properties. (*Id.*; Doc. No. 30 at 38; Doc. No. 38-2 at 8, ¶ 45.)  From this time until approximately March 2007, Plaintiff was involved in selling and reselling condominium units on Cook Development properties. (*E.g.*, Doc. No. 30 at 41-44; Doc. No. 38-2 at 3, ¶ 4.)

In his Complaint, Plaintiff asserts claims against 3343 Atlantic Avenue, LLC, 2515 Atlantic Avenue, LLC, and Palma Bella LLC. (Doc. No. 1 at 1.)  These companies are "related to" Cook Development, and each corresponds with a different Cook Development project: 3343 Atlantic Avenue, LLC corresponds with the Marbella condominiums; 2515 Atlantic Avenue, LLC corresponds with the Bella Vista condominiums; and Palma Bella LLC corresponds with the Palma Bella Condominiums.[2] (Doc. No. 35 at 2-3.)

**Standard of Review**

A party is entitled to summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259 (11th Cir. 2004).  An issue of fact is "material" if, under the applicable substantive law, it

---

[2] In their Joint Pretrial Statement, the parties included an ambiguous footnote that states, "The parties have agreed that Defendants 3343 Atlantic Avenue, LLC, 2515 Atlantic Avenue, LLC, and Palma Bella LLC are not necessary to this action." (Doc. No. 43 at 1 n.1, filed Oct. 21, 2008.)  This assertion does not purport to be a stipulation of dismissal of these three Defendants under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), and it is unclear what the parties intended by the footnote.

might affect the outcome of the case. *Hickson Corp.*, 357 F.3d at 1259. An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. *Id.* at 1260. A court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.*; *Anderson*, 477 U.S. at 251-52.

The party moving for summary judgment has the burden of proving that: (1) there is no genuine issue as to any material fact, and (2) it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether the moving party has satisfied its burden, the court considers all inferences drawn from the underlying facts in the light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. The court may not weigh conflicting evidence or weigh the credibility of the parties. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 919 (11th Cir. 1993). If a reasonable fact finder could draw more than one inference from the facts and that inference creates an issue of material fact, a court must not grant summary judgment. *Id.* On the other hand, summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

**Analysis**

**I.     Arguments of the Parties**

Plaintiff moves for summary judgment on Count III of the Complaint against Defendant Cook Development for breach of an oral agreement to pay Plaintiff commissions for sales of condominium units. (Doc. No. 33.) Plaintiff asserts that summary judgment should be granted on

the liability issue because Defendant Douglas M. Cook, during his deposition, admitted that Cook Development owed Plaintiff money for his commissions. (*Id.* at 5.) Defendant Cook Development refutes this argument on three grounds, contending: first, there was no valid contract for commissions prior to the date on which Plaintiff received his Florida real estate license; second, Cook Development is an improper defendant because Plaintiff's license was registered at Sea Quest Properties, Inc.; and third, the material terms of the oral agreement are in dispute, so summary judgment on liability is inappropriate. (Doc. No. 37 at 5-7 & n.6.)

Defendants jointly move for summary judgment on Count III of the Complaint, as well as Count IV which alleges breach of an oral agreement against Defendant Sandra Cook. (Doc. No. 35.) Defendants again set forth three main arguments: first, Plaintiff cannot receive commissions for work performed prior to his license; second, Defendants are not proper parties to Plaintiff's claims for commissions; and third, Plaintiff's claims for treble damages fail as a matter of law because the relevant Florida statutory provision explicitly excludes persons involved in the sale of real estate. (*Id.* at 3-8.)

In response, Plaintiff concedes that he may not seek commissions for sales work performed prior to the date of his license and states that he is only demanding amounts due for work performed after that date. (Doc. No. 38 at 6.) Plaintiff further explains that the dates on which he earned the commissions, in other words the dates that the condominium sales were "procured," are factual issues to be resolved by the jury. (*Id.* at 7.) Next, Plaintiff argues that Cook Development and Ms. Cook are proper parties to his commission claims because they employed Plaintiff and because Cook Development was the developer/owner of the properties sold. (*Id.* at 1-3, 7-12.) In the alternative, Plaintiff contends that equitable principles should apply, and Defendants Cook Development and

Sandra Cook should be estopped from arguing that Plaintiff may not recover unpaid commissions from them. (*Id.* at 12-13.) Finally, Plaintiff concedes that his claim for treble damages is prohibited by statute. (*Id.* at 13.)

Based on these arguments, the Court finds that the parties are in agreement on two issues: first, Plaintiff is not entitled to commissions for condominium sales procured prior to June 13, 2005, the date on which Plaintiff received his Florida real estate license, and second, Plaintiff is not entitled to treble damages. Accordingly, the Court will address only the remaining two contested issues: first, whether Defendants are entitled to summary judgment on Plaintiff's claims for unpaid commissions because Plaintiff is barred from recovery under Florida law; and second, whether Plaintiff is entitled to summary judgment on the issue of Cook Development's liability for unpaid commissions.

## II.     Validity of Plaintiff's Claims Under Florida Law

The Florida Statutes include a number of regulations concerning real estate brokers and sales associates. Ch. 475, Fla. Stat. (2007). These regulations provide that "[a] person may not operate as a broker or sales associate without being the holder of a valid and current active license therefor." § 475.42(1)(a), Fla. Stat. In addition, "[a] person licensed as a sales associate may not operate as a broker or operate as a sales associate for any person not registered as her or his employer." *Id.* § 475.42(1)(b).[3] Furthermore,

---

[3] For purposes of this regulatory scheme, it appears that the entity registered with the State as the broker of a sales associate is also treated as that associate's employer. *See* § 475.42(1)(b), Fla. Stat. When describing this registration process, both parties state that a sales associate has registered his or her license "with" a particular broker. (*E.g.*, Doc. No. 35 at 3; Doc. No. 38 at 7 n.1.) This Court will utilize the parties' terminology; therefore, when the Court states that a sales associate has registered his
(continued...)

> [a] sales associate may not collect any money in connection with any real estate brokerage transaction, whether as a commission, . . . or otherwise, except in the name of the employer and with the express consent of the employer; and no real estate sales associate, whether the holder of a valid and current license or not, shall commence or maintain any action for a commission or compensation in connection with a real estate brokerage transaction against any person except a person registered as her or his employer at the time the sales associate performed the act or rendered the service for which the commission or compensation is due.

*Id.* § 475.42(1)(d).

The regulations provide for certain exceptions to the general rule that a real estate sales associate may not directly recover for unpaid commissions from anyone not registered as his or her employer. Most relevant to the instant case is the following exception:

> This part does not apply to:
>
> . . .
>
> (2) Any individual, corporation, . . . or other entity which sells . . . its own real property; however, this exemption shall not be available if and to the extent that an agent, employee, or independent contractor paid a commission or other compensation strictly on a transactional basis is employed to make sales . . . to or with customers in the ordinary course of an owner's business of selling . . . real property to the public.

*Id.* § 475.011(2).

In their Motion for Partial Summary Judgment, Defendants contend, "It is undisputed that, at all times material, [Plaintiff] only registered his license with Sea Quest Properties, a licensed Florida real estate broker. Sea Quest Properties is not a defendant, and as a result, this action alleging unpaid real estate commissions should be dismissed." (Doc. No. 35 at 8 (citations omitted).) In support of this contention, Defendants cite Section 475.42(1)(d), Florida Statutes,

---

[3](...continued)
    or her license with a certain broker, the Court means that this broker is the associate's registered employer.

which is quoted above, and *Marks v. M.S.F. Management Corp.*, 540 So.2d 138 (Fla. 5th DCA 1989). (Doc. No. 35 at 8.)

In *Marks*, a licensed Florida real estate sales associate, Robert Marks, was the third party beneficiary of an agreement which provided that he would receive a commission from the owner of a residential development project in the event he procured a buyer for the property. *Marks*, 540 So.2d at 139. At the time, Marks' real estate license was registered with a third party broker. *Id.* at 139-40. Marks eventually procured a buyer for the property, and the deal was closed. *Id.* at 139. However, Marks did not receive his promised commission and therefore brought an action against the owner of the property for the unpaid sum. *Id.*

Florida's Fifth District Court of Appeal found that Marks did not have standing to sue under the agreement in law or in equity due to Section 475.42(1)(d), Florida Statutes. *Id.* at 140. As the *Marks* Court explained, "Real estate salesmen are prohibited from operating without brokers; commission agreements made by salesmen are enforceable by the broker who is their employer at the time the services entitling the salesman to compensation are rendered." *Id.* While Marks' registered broker-employer could bring a claim against the property owner for commissions due to Marks, Marks could not directly seek these commissions from the owner. *Id.* Instead, Marks would have to file a claim against his broker-employer. *Id.* Thus, the Fifth District Court of Appeal affirmed the trial court's summary judgment against Marks on his claims of breach of contract, *quantum meruit*, reformation, and fraudulent inducement. *Id.*

Plaintiff responds by claiming that the *Marks* case is "inapposite" to the instant action. (Doc. No. 38 at 8.) Plaintiff states that, in *Marks*, "unlike here, the plaintiff did not argue that he was selling the property at issue as an employee of the owner at the time of the sale; rather, he

maintained that he was an independent broker with virtually no prior relationship with the vendor of the property." (*Id.*) This distinction, however, is not significant under the relevant Florida statute. This statute clearly states that "no real estate associate . . . shall commence or maintain an action for a commission . . . in connection with a real estate brokerage transaction against any person except a person *registered as her or his employer* . . . ." § 475.42(1)(d), Fla. Stat. (emphasis added). Thus, Plaintiff may bring such an action against only a party that is *registered* as his employer. *Id.* Plaintiff has not offered any evidence that Cook Development, 3343 Atlantic Avenue, LLC, or Ms. Cook were registered as his employer. In fact, the undisputed evidence shows that the only entity registered as Plaintiff's employer during the relevant time was a non-party, Sea Quest Properties. (*E.g.*, Doc. No. 38-2 at 8, ¶ 45.) Thus, like the real estate sales associate in *Marks*, Plaintiff is asserting a claim for unpaid commissions in his own name against parties that are not registered as his employer.

Similarly, Plaintiff has failed to demonstrate that any of the exceptions to Section 475.52(1)(d) of the Florida Statutes apply. As cited above, the statute provides that in certain instances, a sales associate may recover unpaid commissions directly from a developer/owner of real property. § 475.011(2), Fla. Stat. However, the statute excludes from this exemption those situations in which "an agent, *employee*, or independent contractor" is "paid a commission . . . strictly on a transactional basis" and "is *employed* to make sales . . . to or with customers in the ordinary course of an owner's business of selling . . . real property to the public." *Id.* (emphasis added). As Plaintiff states in his Affidavit, "I was employed by Defendants, DMC REAL ESTATE DEVELOPMENT, INC., d/b/a COOK DEVELOPMENT ("Cook Development"), DOUGLAS M. COOK ("Doug Cook") and SANDRA COOK ("Sandra Cook") as a real estate sales employee, from

approximately October 2004 until March 2007." (Doc. No. 38-2 at 3, ¶ 4.) Regarding his compensation, Plaintiff explains, "Specifically, Defendant, Doug Cook, told me that I would be an employee of Cook Development, and Defendant, Sandra Cook, and I would split a two [percent] (2%) commission equally, for all sales of all Cook Development condominium units, either of us worked on, which ultimately closed." (*Id.* at 3-4, ¶ 10.) He continues, "Both Defendant, Doug Cook, and Defendant, Sandra Cook, stated that I would be paid two [percent] (2%) commission on every Cook Development unit which either Sandra Cook or I sold." (*Id.* at 4, ¶ 11.)

Plaintiff's statements in his Affidavit place him squarely in the category of persons excluded from the developer/owner exemption of Section 475.011(2) of the Florida Statutes: he contends that he was employed to sell real estate as part of these Defendants' regular course of business, and he claims that his agreement was for compensation on a purely transactional basis through commissions. Thus, Section 475.52(1)(d), Florida Statutes, applies to Plaintiff's claims against Cook Development and Ms. Cook for unpaid commissions.[4] Plaintiff may only recover on these claims by seeking the consent of Sea Quest Properties to bring the claims against these Defendants in Sea Quest Properties' name or by bringing the claims against Sea Quest Properties.

In an attempt to avoid this result, Plaintiff argues that public policy dictates that Chapter 475 of the Florida Statutes should not apply to Plaintiff's agreements with Cook Development and Sandra Cook. (Doc. No. 35 at 9-12.) In support of this argument, Plaintiff quotes extensively from the *dissenting* opinion in *Bockar v. Sakolsky*, 592 So.2d 251 (Fla. 3d DCA 1991).[5] (*Id.* at 9-10.)

---

[4] Plaintiff made no arguments that his claim against Defendant 3343 Atlantic Avenue, LLC was exempt from this statutory provision.

[5] The majority opinion affirmed *per curiam* the decision of the lower court granting summary judgment in favor of the developer/owner of real property, finding, "Only
(continued...)

Citing this dissent, Plaintiff asserts that Florida's regulations concerning real estate transactions are intended to benefit the consumer and not to excuse a developer/owner from paying honestly earned commissions. (*Id.* at 9-12.) Such an application of the statute, according to Plaintiff, is manifestly unfair. (*Id.*)

Plaintiff's policy arguments are directly contrary to the plain language of the statute. While it is true that Chapter 475 of the Florida Statutes was enacted to protect "the public welfare,"[6] Section 475.42(1)(d), Florida Statutes, achieves its intended purpose of consumer protection by making it economically disadvantageous for real estate sales associates to consent to prohibited sales agreements. Plaintiff's concerns about the fairness of this statute are best directed to the Florida legislature rather than this Court.

Plaintiff next attempts to avoid the statutory bar to his claims by arguing in the alternative that "the Court should apply the equitable princip[le] of estoppel to permit . . . recovery." (*Id.* at 12.) However, permitting equitable recovery in this case would allow Plaintiff to take an end run around Florida's real estate sales regulatory scheme and would directly conflict with the legislative purpose of the statute. Moreover, the only located case law on this issue, set forth by the Fifth District Court of Appeal in *Marks*, demonstrates that the statutory bar is intended to apply to claims in law *and in equity*. *Marks*, 540 So.2d at 140. Plaintiff has cited no case in which any court found that a real estate sales associate could use equitable principles to avoid Section 475.42(1)(d), Florida Statutes,

---

[5](...continued)
   salaried real estate salespersons who do not receive commissions for the sale or lease of real property may sue for compensation earned without being a licensed real estate salesperson or broker." *Bockar*, 592 So.2d at 251.

[6] "The Legislature deems it necessary in the interest of the public welfare to regulate real estate brokers, sales associates, and schools in this state." § 475.001, Fla. Stat.

and recover unpaid commissions directly from an entity registered as his or her broker and employer. (*See* Doc. No. 38 at 12-13.) Plaintiff's recovery is limited by Florida's regulations which directly control the claims for unpaid commission in this case.[7]

In sum, there are no genuine issues concerning the following facts which are material to Counts III and IV of the Complaint: (1) Plaintiff was licensed to sell real estate in Florida on June 13, 2005, (2) Plaintiff registered his license with Sea Quest Properties in June of 2005, and (3) Plaintiff never registered his license with Cook Development, 3343 Atlantic Avenue, LLC, or Ms. Cook. (Doc. No. 31 at 145-46; Doc. No. 38-2 at 8, ¶ 45.) In addition, Plaintiff states that Cook Development and Ms. Cook agreed to compensate Plaintiff on a transactional basis. (Doc. No. 38-2 at 3-4, ¶¶ 10-11.) Plaintiff has brought his claims for unpaid commissions against these Defendants in his own name. (Doc. No. 1 at 6-9.) Based on these facts, Section 475.42(1)(d), Florida Statutes, plainly bars Plaintiff from bringing an action for recovery of unpaid commissions against Cook Development and 3343 Atlantic Avenue, LLC in Count III and Ms. Cook in Count IV. The Court must grant summary judgment for Defendants on these Counts and deny Plaintiff's Motion for summary judgment on the liability issue in Count III.

**Conclusion**

Based on the foregoing, the Motion for Partial Summary Judgment and Incorporated Memorandum of Law by Plaintiff (Doc. No. 33, filed July 10, 2008) is **DENIED**, the Motion for Partial Summary Judgment and Supporting Memorandum of Law by All Defendants (Doc. No. 35,

---

[7] The Court also notes that Plaintiff failed to plead any equitable claims in his Complaint. (*See* Doc. No. 1.) A plaintiff may not raise new claims, in effect amending his or her complaint, through argument in a brief opposing summary judgment. *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) (per curiam).

filed July 14, 2008) is **GRANTED**, and the Motion to Strike Plaintiff's Reference to Unpled Claims in Plaintiff's Opposition to Motion for Summary Judgment by Defendants DMC Real Estate Development, Inc., d/b/a Cook Development, Inc., Douglas M. Cook, and Sandra Cook (Doc. No. 46, filed Nov. 7, 2008) is **DENIED AS MOOT**.

It is further **ORDERED** and **ADJUDGED**:

1. Plaintiff Todd Scachitti has failed to raise a genuine issue of material fact as to Count III of the Complaint, and Defendants DMC Real Estate Development, Inc., doing business as Cook Development, and 3343 Atlantic Avenue, LLC have demonstrated that they are entitled to judgment as a matter of law on this Count.

2. Plaintiff Todd Scachitti has failed to raise a genuine issue of material fact as to Count IV of the Complaint, and Defendant Sandra Cook has demonstrated that she is entitled to judgment as a matter of law on this Count.

3. This case shall proceed on Counts I and II against Defendants DMC Real Estate Development, Inc., doing business as Cook Development, Douglas M. Cook, Sandra Cook, 3343 Atlantic Avenue, LLC, 2515 Atlantic Avenue, LLC, and Palma Bella LLC.[8]

**DONE** and **ORDERED** in Chambers in Orlando, Florida on November 10, 2008.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

---

[8] As stated in Note 3, *supra*, the parties have not properly sought dismissal of the three LLC Defendants.

Copies furnished to:
Counsel of Record